White *v.* Hunt,

---

## WHITE *against* HUNT.

After an interlocutory judgment by default, in an action for assault and battery, the court have the power, in case of difficulty, or when special circumstances are laid before them, to direct a special jury to be summoned in order to assess the damages, and the inquiry to be held before a judge at *Nisi Prius;* but the mere circumstance of the battery having been very severe, is not sufficient to take the case out of the ordinary course.

[*] See, also, *Ream* v. *Rank, Serg. and Raw* 215.

This was an action of trespass for an assault and battery. The defendant had suffered judgment to go against him by default, and *Leake*, for the plaintiff, had given notice that he intended to move the court, that a writ of inquiry of damages should be executed "before the justices of *Nisi Prius*, at the Hunterdon Assizes," and that the sheriff should be instructed to return upon the jury of inquiry "a good jury, to wit, a special jury of freeholders," &c.

*Leake*, in support of the motion, read the affidavit of the plaintiff, stating the circumstances and nature of the battery. as being extremely outrageous, and the injury inflicted as being very severe. He then insisted—1. That in a case of this kind the writ of inquiry should be held before the justices of assize. 2. That the court might order a special jury of freeholders, in order to assess the damages. *Imp. K. B.* 295–6; *Imp. C. B.* 439; *Barnes* 135; *Benson* v. *Frederick*, 3 *Bur.* 1845; 12 *Mod.* 519; *East India Company* v. *Glover*, 1 *Str.* 612.

*R. Stockton*, against the motion. There can be no question, that when the circumstances of the case require a deviation from the usual course of practice, it is in the power of the court to direct the inquiry of damages to be executed before the justices of the assize. *Impey* says that leave is seldom granted, unless the case is very special, as where the law is mixed with the fact, or it appears to be of too much consequence for the sheriff to undertake. It is not sufficient to state that large damages are anticipated, for unless some matter of law is likely to arise in the course of the inquiry, the court will not give leave to have it executed before a judge, merely on account of the importance of the facts. 1 *Tidd*. 519, (see 1 *Sellon* 344,) the motion is objectionable upon another ground. Even where writs of inquiry are executed before a judge, it is never done through the intervention of a special jury. The sheriff is directed to

summon a good jury, but this term signifies nothing more than a better sort of common jury, 5 *T. R.* 460, in the case of the *King* v. *Perry.* 2 *Tidd.* 725.

KINSEY, C. J.    There is no doubt that the court may, and in a proper case, would direct the execution of the writ of inquiry out of the ordinary course of practice; but on the present occasion no difficulty either in law or fact is pointed out, which might require the presence and attention of a judge of this court. (See *Tillotson* v. *Cheetham,* 2 *John.* 107.)   The defendant has permitted judgment to go against him, by default, by which the battery is acknowledged, and the only remaining question to be settled is, what amount of damages ought to be allowed the plaintiff.    The affidavit which has been laid before us states the battery to have been a violent one; but the only inference that can be drawn from this circumstance, is, that heavy damages are contemplated.    *Prima facie* the sheriff and a common jury are competent to the mere assessment of damages, whatever may be their extent: it is a question peculiarly and exclusively within their powers, and upon a point of this kind I am not aware that any advice or direction would be necessary from a judge of this court; or that a difficulty which might arise before the jury would be of that description, which it would be within the line of his duty to settle.    It is not suggested that there exist any particular objections to this sheriff, on the ground of partiality or otherwise, or that there is any legal intricacy in the case.    I am unable therefore to perceive any circumstance which distinguishes it from ordinary cases, and am therefore of opinion that it ought to take the common course.

CHETWOOD, J. concurred with the Chief Justice.

SMITH, J.    The powers which the court are now called upon to exercise, are entirely discretionary; and in the exer-

cise of their discretion they ought not to be narrowed down by a strict adherence to any precedent or authority. Every case must rest upon its own peculiar circumstances. I consider the affidavit of the plaintiff, proving a violent and outrageous battery, as establishing a special case, authorizing us to accede to his request, and I am unable to perceive any disadvantage which can possibly arise from directing the execution of the writ of inquiry before the justices of *Nisi Prius.*

The plaintiff took nothing by his motion.